**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

RICHARD AGAG, MD,

Plaintiff,

-against-

CIGNA HEALTH AND LIFE INSURANCE COMPANY,

Defendant.

Index No.:

**COMPLAINT**

Plaintiff Richard Agag, MD ("Plaintiff") by and through his attorneys, Gottlieb & Greenspan, LLC, by way of Complaint against Cigna Health and Life Insurance Company ("Defendant"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a medical provider with a principal place of business at 456 Washington Street, 8E, New York, New York 10021.

2. Upon information and belief, Defendant is engaged in providing and/or administering health care plans or policies in the state of Connecticut.

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, specifically the No Surprises Act ("NSA"), 42 U.S.C. § 300gg-111 *et seq.*, which governs the Independent Dispute Resolution ("IDR") process for certain out-of-network billing disputes including those at issue here, as well the Federal Arbitration Act ("FAA"), 9 U.S.C §9 *et seq*.

4. Venue is proper in the United States District Court for the District of Connecticut, pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this action occurred within the district.

## FACTUAL BACKGROUND

5. Plaintiff is a medical provider specializing in plastic and reconstructive surgery.

6. During all times relevant herein, the patients treated by Plaintiff were the beneficiaries of a health plan issued and/or administered by Defendant.

7. As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

8. However, since the services were rendered emergently/inadvertently, the patients' out-of-network medical treatments in this action are subject to reimbursement pursuant to the NSA. 42 U.S.C. § 300gg-111 *et seq*.

9. Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

10. Pursuant to the NSA, if a payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator, a certified IDR entity ("CIDRE"). 42 U.S.C. § 300gg-111(c)(1-5).

11. Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the final award determination to issue the additional payment, which is the effective date of the arbitration award. 42 U.S.C. § 300gg-111(c)(6).

12. The NSA provides that a determination of an IDR award is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

## I. Patient M.L. - DISP-878778

13. On April 14, 2023, Plaintiff performed surgical treatment as part of a procedure for an individual identified as M.L. ("Patient M.L.") at Backus Hospital, a hospital located in Norwich, Connecticut.

14. After treating Patient M.L., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") code 19364 in the amount of $196,000.00.

15. In response to Plaintiff's HCFA, Defendant allowed payment to Plaintiff in the amount of $0.00.

16. Pursuant to the NSA, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's payment determination of $0.00.

17. As the parties were unable to resolve the dispute during the NSA's negotiation period, Plaintiff initiated the IDR arbitration process called for by the NSA.

18. Because Patient's treatment implicated the NSA, there was no dispute as to Plaintiff's eligibility to challenge Defendant's payment determination. Indeed, defendant participated in the IDR process and submitted a final offer of $421.25 for CPT code 19364.

19. On March 6, 2024, the CIDRE, Federal Hearings and Appeals Service, Inc., ruled in Plaintiff's favor under Arbitration Dispute DISP-878778, awarding Plaintiff a total of $97,500.00 for CPT code 19364. *See* **Exhibit A**, attached hereto.

20. Under the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. Thus, the *effective* date of the arbitration award is April 5, 2024.

21. However, Defendant failed to issue payment to Plaintiff by April 5, 2024.

22. As of the date of this Complaint, over 300 days have passed since have elapsed since Defendant's deadline to submit the $97,500.00 arbitration award payment to Plaintiff for DISP-878778.

23. As a result, Plaintiff has been damaged in the amount of $97,500.00 in regard to CPT code 19364 for this procedure and continues to suffer damages in the operation of his medical practice.

## II. <u>Patient M.P.</u>

24. On January 7, 2022, Plaintiff performed surgical treatment as part of a procedure for an individual identified as M.P. ("Patient M.P.") at Saint Mary's Hospital, a hospital located in Waterbury, Connecticut.

### A. <u>DISP-2001877</u>

25. After treating Patient M.P., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the procedure, itemized under CPT code 35703 LT in the amount of $9,226.40.

26. In response to Plaintiff's HCFA, Defendant allowed payment to Plaintiff in the amount of $0.00.

27. Pursuant to the NSA, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's payment determination of $0.00.

28. As the parties were unable to resolve the dispute during the NSA's negotiation period, Plaintiff initiated the IDR arbitration process called for by the NSA.

29. Because Patient's treatment implicated the NSA, there was no dispute as to Plaintiff's eligibility to challenge Defendant's payment determination.

30. On December 19, 2024, the CIDRE, ProPeer Resources, LLC, ruled in Plaintiff's favor under Arbitration Dispute DISP-2001877, awarding Plaintiff a total of $5,535.84 for CPT code 35703 LT. *See* **Exhibit B**, attached hereto.

31. Under the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. Thus, the effective date of the arbitration award is January 18, 2025.

32. However, Defendant failed to issue payment to Plaintiff by January 18, 2025.

33. As of the date of this Complaint, over 60 days have passed since have elapsed since Defendant's deadline to submit the $5,535.84 arbitration award payment to Plaintiff for DISP-2001877.

34. As a result, Plaintiff has been damaged in the amount of $5,535.84 in regard to CPT code 35703 LT for this procedure and continues to suffer damages in the operation of his medical practice.

**B. <u>DISP-2001876</u>**

35. After treating Patient M.P., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the procedure, itemized under CPT code 35703 RT in the amount of $9,226.40.

36. In response to Plaintiff's HCFA, Defendant allowed payment to Plaintiff in the amount of $0.00.

37. Pursuant to the NSA, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's payment determination of $0.00.

38. As the parties were unable to resolve the dispute during the NSA's negotiation period, Plaintiff initiated the IDR arbitration process called for by the NSA.

39. Because Patient's treatment implicated the NSA, there was no dispute as to Plaintiff's eligibility to challenge Defendant's payment determination.

40. On December 19, 2024, the CIDRE, ProPeer Resources, LLC, ruled in Plaintiff's favor under Arbitration Dispute DISP-2001876, awarding Plaintiff a total of $5,535.84 for CPT code 35703 RT. *See* **Exhibit C**, attached hereto.

41. Under the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. Thus, the effective date of the arbitration award is January 18, 2025.

42. However, Defendant failed to issue payment to Plaintiff by January 18, 2025.

43. As of the date of this Complaint, over 60 days have passed since have elapsed since Defendant's deadline to submit the $5,535.84 arbitration award payment to Plaintiff for DISP-2001876.

44. As a result, Plaintiff has been damaged in the amount of $5,535.84 in regard to CPT code 35703 RT for this procedure and continues to suffer damages in the operation of his medical practice.

**C. <u>DISP-2001874</u>**

45. After treating Patient M.P., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the procedure, itemized under CPT code 15002 in the amount of $7,700.00.

46. In response to Plaintiff's HCFA, Defendant allowed payment to Plaintiff in the amount of $0.00.

47. Pursuant to the NSA, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's payment determination of $0.00.

48. As the parties were unable to resolve the dispute during the NSA's negotiation period, Plaintiff initiated the IDR arbitration process called for by the NSA.

49. Because Patient's treatment implicated the NSA, there was no dispute as to Plaintiff's eligibility to challenge Defendant's payment determination.

50. On December 19, 2024, the CIDRE, ProPeer Resources, LLC, ruled in Plaintiff's favor under Arbitration Dispute DISP-2001874, awarding Plaintiff a total of $7,700.00 for CPT code 15002. *See* **Exhibit D**, attached hereto.

51. Under the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. Thus, the effective date of the arbitration award is January 18, 2025.

52. However, Defendant failed to issue payment to Plaintiff by January 18, 2025.

53. As of the date of this Complaint, over 60 days have passed since have elapsed since Defendant's deadline to submit the $7,700.00 arbitration award payment to Plaintiff for DISP-2001874.

54. As a result, Plaintiff has been damaged in the amount of $7,700.00 in regard to CPT code 15002 for this procedure and continues to suffer damages in the operation of his medical practice.

**D. <u>DISP-2001871</u>**

55. After treating Patient M.P., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the procedure, itemized under CPT code 32900 RT in the amount of $31,752.40.

56. In response to Plaintiff's HCFA, Defendant allowed payment to Plaintiff in the amount of $0.00.

57. Pursuant to the NSA, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's payment determination of $0.00.

58. As the parties were unable to resolve the dispute during the NSA's negotiation period, Plaintiff initiated the IDR arbitration process called for by the NSA.

59. Because Patient's treatment implicated the NSA, there was no dispute as to Plaintiff's eligibility to challenge Defendant's payment determination.

60. On December 19, 2024, the CIDRE, ProPeer Resources, LLC, ruled in Plaintiff's favor under Arbitration Dispute DISP-2001871, awarding Plaintiff a total of $26,296.31 for CPT code 32900. *See* **Exhibit E**, attached hereto.

61. Under the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. Thus, the effective date of the arbitration award is January 18, 2025.

62. However, Defendant failed to issue payment to Plaintiff by January 18, 2025.

63. As of the date of this Complaint, over 60 days have passed since have elapsed since Defendant's deadline to submit the $26,296.31 arbitration award payment to Plaintiff for DISP-2001871.

64. As a result, Plaintiff has been damaged in the amount of $26,296.31 in regard to CPT code 32900 RT for this procedure and continues to suffer damages in the operation of his medical practice.

65. Accordingly, Plaintiff has been damaged in the total amount of $142,567.99 and continues to suffer damages in the operation of its medical practice.

**COUNT ONE**

**PLAINTIFF SEEKS RELIEF IN ACCORDANCE WITH 9 U.S. CODE § 9**

66. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 73 of the Complaint as though fully set forth herein.

67. The FAA, 9 U.S. CODE § 9, provides that, if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made, any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order.

68. In this case, while the parties do not have an agreement that a judgment of the court shall be entered upon the arbitration award at issue, the "binding" arbitration award was issued pursuant to the federal NSA. 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

69. Indeed, federal courts have affirmed their authority to confirm arbitration awards issued pursuant to the NSA under 9 U.S.C. § 9. *See, e.g.*, *GPS of N.J. M.D. v. Horizon Blue Cross & Blue Shield*, No. 22-6614 (KM) (JBC), 2023 U.S. Dist. LEXIS 159460, at *1 (D.N.J. Sep. 8, 2023) (granting Horizon Blue Cross & Blue Shield's cross-motion to confirm an NSA entity award under 9 U.S.C. § 9 because the language of the NSA indicates the NSA award is "final and binding" and, by invoking Section 10(a) of the Federal Arbitration Act, the NSA "gives the court

the authority to confirm the award"); *see also Worldwide Aircraft Servs. Inc. v. Worldwide Ins. Servs., LLC,* No. 8:24-CV-840-TPB-CPT, 2024 U.S. Dist. LEXIS 167943, at *1 (M.D. Fla. Sep.18, 2024) (confirming an NSA award under 9 U.S.C. § 9).

70. It is against equity and good conscience to deprive Plaintiff of a remedy to enforce a "binding" arbitration award issued in accordance with federal law.

71. Accordingly, Plaintiff brings this action for an Order confirming the applicable arbitration awards as follows:

a. DISP-878778: $97,500.00
b. DISP-2001877: $5,535.84
c. DISP-2001876: $5,535.84
d. DISP-2001874: $7,700.00
e. DISP-2001871: $26,296.31

**COUNT TWO**

**VIOLATION OF THE FEDERAL NO SURPRISES ACT REGARDING THE NON-PAYMENT OF BINDING AWARDS**

72. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 79 of the Complaint as if fully set forth herein.

73. Under the NSA, a party is permitted to initiate the federal IDR process after a mandatory thirty-day negotiation period if the parties are unable to agree on the out-of-network rate for medical services. 42 U.S.C. § 300gg-111(c)(1-5).

74. In the instant case, the parties were unable to agree on the out-of-network rate for the services provided, and the parties therefore proceeded to arbitration as called for the NSA.

75. The CIDREs assigned to these disputes, made the following determinations:

i. DISP-878778: awarding Plaintiff $97,500.00, due April 5, 2024
ii. DISP-2001877: awarding Plaintiff $5,535.84, due January 18, 2025
iii. DISP-2001876: awarding Plaintiff $5,535.84, due January 18, 2025
iv. DISP-2001874: awarding Plaintiff $7,700.00, due January 18, 2025

v. DISP-2001871: awarding Plaintiff $26,296.31, due January 18, 2025

76. According to the NSA, Defendant had thirty (30) days to remit the arbitration payments to Plaintiff. 42 U.S.C. § 300gg-111(c)(6).

77. As of the date of the filing of this Complaint, Defendant has failed to remit any of the arbitration payments to Plaintiff.

78. As such, Defendant has failed to comply with the requirements of the NSA.

79. Accordingly, due to Defendant's failure to comply with the NSA's requirements, Plaintiff has been damaged in the total amount of $142,567.99.

**CLAIM FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. For an Order confirming the arbitration awards as follows:

i. DISP-878778: $97,500.00

ii. DISP-2001877: $5,535.84

iii. DISP-2001876: $5,535.84

iv. DISP-2001874: $7,700.00

v. DISP-2001871: $26,296.31

B. For an Order directing Defendant to pay Plaintiff $142,567.99;

C. For attorney's fees, interest, and costs of suit; and

D. For such other and further relief as the Court may deem just and equitable.

Dated: Fair Lawn, New Jersey
March 27, 2025

**GOTTLIEB & GREENSPAN, LLC**
*Attorneys for Plaintiff*

By: /s/ James Greenspan
James Greenspan
17-17 Route 208, Suite 250
Fair Lawn, New Jersey 07410
Tel: (201) 644-0891
Fax: (201) 627-2426
jgreenspan@gottliebandgreenspan.com